## McISAAC v. MARCUM.
### Civ. No. 26234.

United States District Court
N. D. Ohio, E. D.
July 21, 1949.

Frank B. Fults, Cleveland, Ohio, Ernest Goodman, Detroit, Mich., for plaintiff.

McKeehan, Merrick, Arter & Stewart, Sumner Canary, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages arising out of the death of plaintiff's decedent in an automobile collision.

Defendant has filed a motion to strike certain portions of the complaint as irrelevant and prejudicial.

Request No. 1: "The word 'unavoidably' (page 3, line 1) and 'as the driver of said furniture tractor-trailer, in trying not to run into said Chevrolet and dump truck, pulled to his left and then around in front

---

of and to the west of them' (page 3, lines 2, 3, and 4).

■ Defendant urges that the foregoing language states a conclusion and that it will be for the jury to determine the matter set forth. The language is not objectionable, it is descriptive of conduct. A complaint necessarily states the plaintiff's version of the facts and it may be essential to plaintiff's theory to allege what she believes to have been the conduct or purpose of the driver of the tractor-trailer. Although allegations as to purpose usually are of the character of conclusions, Request No. 1 will be overruled.

Request No. 2: "(g) In his said operator operating said dump truck at a greater speed than would permit him to bring the same to a stop within his assured clear distance ahead when the same was swerving to its left and into and upon said westbound traffic lane." (page 4)

■ Defendant asserts that the assured clear distance ahead statute, Section 6307-21, Ohio General Code, applies only in cases where the collision involves vehicles in the same line of travel and not where, as here, the collision took place when one vehicle was allegedly on the wrong side of the road. There is respectable authority to support such interpretation. However, the application of the statute should not be ruled out at this stage. The Court should have the opportunity of hearing all of the evidence as to the circumstances of the collision as well as a more practical discussion as to the legal principles before deciding finally. Meanwhile, I do not see that the matter complained of is either prejudicial or clearly irrelevant.

Request No. 3: "The words 'that during part of said seven hours, said Michael McIsaac suffered conscious pain' (page 4, paragraph 9, lines 5 and 6) and the words 'said conscious pain and suffering and', (page 4, paragraph 9, lines 12 and 13)."

■ Defendant says that since paragraph 1 of the complaint alleges that the action is brought in behalf of the widow as sole beneficiary and next of kin of the decedent, any allegations as to the decedent's suffering are irrelevant. Plaintiff cites Section 11235 of the Ohio General Code which provides that causes of action for injuries to the person survive. Section 10509-167 of the Code provides that actions for wrongful death are to be prosecuted by the decedent's personal representative for the benefit of his next of kin. The personal representative (in this case the administratrix) is but a nominal party and any recovery is for the benefit of the estate and those entitled to share in its proceeds. The fact that the administratrix and the sole beneficiary of the estate are the same person (as in this case) has no effect upon the right of the administratrix to sue upon the surviving cause of action for injuries to the person of the decedent. The allegations complained of are, for these reasons, proper and defendant's Request No. 3 will be overruled. In this view of the matter defendant's motion presently will be overruled in toto.